UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Charles A. Rojas | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christian Schreiber | Alvin Arceo |

**Proceedings:**    ZOOM HEARING RE: PLAINTIFF'S MOTION TO TRANSFER (Dkt. 16, filed on September 16, 2023); AND

DEFENDANT'S MOTION TO DISMISS (Dkt. 12, filed on August 31, 2023)

## I.  INTRODUCTION

On June 13, 2023, plaintiff Robert Aprahamian ("Aprahamian"), by and through his successor in interest Shaunt Aprahamian, filed an action against Defendants Field Asset Services, Inc., Field Asset Services, LLC, Xome Field Services LLC, Cyprexx Services, LLC, and DOES 1-10 (collectively, "FAS" or "defendants") in the Superior Court for the State of California, Los Angeles County.  Dkt. 1 ex. 1 ("Compl.").  Plaintiff claims that FAS misclassified Aprahamian as an independent contractor, rather than an employee, and brings claims for (1) failure to pay overtime wages; (2) failure to indemnify Aprahamian for expenses; (3) waiving time penalties; and (4) violation of California Unfair Competition Law.  Id.  On August 25, 2023, defendants removed the case to this Court.  Dkt. 1.

On August 31, 2023, defendant filed a motion to dismiss.  Dkt. 12 ("MTD").  On September 11, 2023, plaintiff filed his opposition.  Dkt. 14.  On September 18, 2023, defendants filed a reply.  Dkt. 18.

On September 15, 2023, plaintiff filed a motion to transfer this case to the Northern District of California.  Dkt. 16 ("MTT").  On September 25, 2023, defendants filed their opposition.  Dkt. 19.  On October 2, 2023, plaintiff filed his reply.  Dkt. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

On October 16, 2023, the Court held a hearing.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   The Parties

Robert Aprahamian was a California resident who performed work for FAS at various properties in the Southern California Area. Compl. ¶ 4. He passed away on April 26, 2020. Id. Shaunt Aprahamian is Robert Aprahamian's son and is a resident of Porter Ranch, California. Id. ¶ 5. He brings this action on behalf of his father as the personal representative of, and successor in interest to, the estate of Robert Aprahamian. Id.

FAS provides property preservation, maintenance, repair and rehabilitation, and remodeling services to foreclosed properties throughout the United States, including California. Id. ¶ 14. It has undergone numerous corporate changes in recent years. Defendant Field Asset Services, Inc. was a Texas corporation headquartered in Austin, Texas. Id. ¶ 6. Defendant Field Asset Services LLC is a successor in interest to Field Asset Services, Inc. Id. ¶ 8. In 2018, Field Asset Services LLC was acquired by Xome Holdings, LLC and changed its name to Xome Field Services LLC. Id. ¶ 9. Xome Field Services LLC is a Delaware LLC headquartered in Brandon, Florida. Id. ¶ 10. Xome Field Services LLC now operates as Cyprexx Services LLC after its acquisition in 2021. Id. ¶ 11. Defendant Cyprexx Services LLC is a Delaware LLC headquartered in Brandon, Florida. Id. ¶ 12.

Plaintiff also sues fictitious defendants DOES 1-10 because their names, capacities and/or facts showing liability are not presently known. Id. ¶ 13.

### B.   The Dispute

FAS contracts with clients – typically real-estate companies and banks that have foreclosed on homes – to perform janitorial and maintenance work until the foreclosed properties are resold. Compl. ¶ 20. It hires "vendors" to carry out the contracts. Id. Aprahamian was one such vendor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

FAS classifies its "vendors" as independent contractors and not employees. Id. ¶ 24. As a result, it does not require W-4 forms from its workers, does not pay any payroll or other taxes on behalf of its workers, does not pay by the hour, does not pay for overtime or double time, does not reimburse workers for business expenses, does not provide reimbursement for transportation, and does not reimburse for any mileage driven. Id. ¶¶ 24-25.

However, FAS does require its vendors to complete a Vendor Qualification Packet ("VQP") which obligates them to perform work pursuant to "detailed instructions and specifications[], specific job orders, and trainings and job memos [that it] regularly issue[s]." Id. ¶ 28. FAS requires its vendors to complete jobs within 72 hours, procure insurance and necessary equipment, pay for mandated fees and licenses, and document their work pursuant to rigorous photo documentation requirements. Id. ¶¶ 24, 25, 30, 31, 34. FAS work orders contain a detailed list of tasks to complete with corresponding instructions, and FAS retains the right to reassign work at any time and to penalize vendors for declining work orders. Id. ¶¶ 36, 39, 40. It also imposes penalties for noncompliance with work requirements and forbids vendors from placing a lien on any property in the event of non-payment. Id. ¶¶ 32-33. FAS allegedly monitors its vendors through email, vendor-submitted photos with GPS information, a Quality Control department, and internal scorecards. Id. ¶¶ 44-53.

Aprahamian worked for FAS as a "vendor" from 2008-2014. Id. ¶ 54. In a typical week, he worked five to seven days and over 12 hours a day. Id. ¶ 57. As required by FAS, he procured his own insurance, purchased his own equipment, and paid for various supplies and expenses out of pocket. Id. ¶¶ 59, 61.

On January 7, 2013, Fred and Julia Bowerman filed a class action complaint against FAS asserting that FAS violated various provisions of the California Labor Code and Wage Orders by misclassifying them, and a proposed class of similarly situated individuals, as independent contractors. Id. ¶ 72; see Bowerman v. Field Asset Services, LLC et al., Case 3:13-cv-00057-WHO (N.D. Cal. Jan. 7, 2013). Judge Orrick subsequently certified the Bowerman class, which included Aprahamian. Compl. ¶ 74. In March 2017, Judge Orrick granted partial summary judgment in favor of the Bowerman class, finding that FAS was liable for misclassifying them as independent contractors. Id. ¶ 76. However, on July 5, 2022, the Ninth Circuit reversed the class certification and summary judgment orders. Id. ¶ 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

Former Bowerman class members have subsequently filed various individual actions against FAS. MTT at 4. Plaintiff alleges that "the vast majority of [these cases] were related and consolidated before Judge Orrick." Specifically, there are presently "72 federal cases that have been ordered related and consolidated before Judge Orrick . . . and an additional 66 state court cases." Id. Judge Orrick "has already heard and ruled on the same motion to dismiss that is currently pending before this Court in this action." MTT at 8.

On June 13, 2023, plaintiff filed the instant action in the Superior Court for the State of California, Los Angeles County, arguing that FAS violated various provisions of the Labor Code and Wage Orders by misclassifying Aprahamian as an independent contractor. Compl. ¶¶ 62-71. Defendant removed the case to this Court on the basis of diversity jurisdiction.

### III.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The power extends to stays pending resolution of separate judicial proceedings and does not require the issues in such proceedings be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979). Nor does it require that "the parties to the two causes . . . be the same and the issues identical." Landis, 299 U.S. at 254. The power to stay includes the power to do so *sua sponte*. Doyle v. OneWest Bank, N.A., No. CV-1305951-SJO, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015).

In determining whether a stay is appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

## IV.  DISCUSSION

### A.  <u>Landis</u> Stay

The Court finds that it is appropriate to stay this case pending the resolution of the various consolidated actions (the "Consolidated Actions") before Judge Orrick in the Northern District of California.  See <u>In re Field Asset Services, Inc., et al.</u>, 13-cv-00057-WHO (N.D. Cal. Oct. 11, 2023).

Here, a <u>Landis</u> stay would result in limited damage and hardship.  Plaintiff is seeking both monetary relief and injunctive relief "enjoin[ing] [FAS] from engaging in the unlawful acts and practices" alleged in the complaint.  Compl. at 18-19.  The Ninth Circuit has held that damages from delay are more limited when a party is seeking monetary recovery for past harms as opposed to injunctive relief against ongoing and future harms.  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962) (holding that a party seeking solely "money damages" "ha[d] not made a strong showing . . . [of] irreparable damage" from a delay in monetary recovery).

Plaintiff's claim for injunctive relief arises pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL").  <u>Id.</u> ¶ 112.  However, plaintiff has conceded that the Court "must remand Plaintiff's UCL claim to state court."  Dkt. 14 at 20.  Therefore, in the absence of a stay, plaintiff would be proceeding only on his claims for monetary relief.  Correspondingly, a stay would at most delay monetary recovery.[1]

A <u>Landis</u> stay would also further the orderly course of justice by simplifying the issues in this case and conserving judicial resources.  All of the pending actions, including this one, arise from the original *Bowerman* class action.  Indeed, plaintiff is

---

[1] Additionally, the plaintiffs in the Consolidated Actions are seeking similar injunctive relief.  See <u>In re Field Asset Services, Inc., et al.</u>, 13-cv-00057-WHO (Dkt. 635 at 18-19) (N.D. Cal. Sep. 13, 2023) (seeking "preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged").  Thus, a <u>Landis</u> stay here would not necessarily delay injunctive relief, especially since the Consolidated Actions have progressed further than the present action.  See <u>id.</u> at dkt. 556 (ruling on the "Motions to Dismiss in Related Cases").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07067-CAS(PVCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Robert Aprahamian et al. v. Field Asset Services, Inc. et al. | | |

bringing the same causes of action as many of the plaintiffs in the Consolidated Actions. The pending actions all share a common allegation: that FAS improperly characterized its "vendors" as independent contractors. Thus, resolution of the Consolidated Actions will necessarily resolve essential questions for this case. Staying this action would avoid the risk of reaching inconsistent results on the same operative questions of fact and law.

Based on the foregoing, the Court finds it appropriate to stay the entire case until the ongoing Consolidated Actions before Judge Orrick are resolved.

### B. Motion to Transfer

Plaintiff chose to file this case in state court, knowing it could be removed to this Court. Plaintiff now seeks to transfer the case to the Northern District of California after defendant did in-fact remove the case.

In light of this Court's decision to stay the case, plaintiff's motion to transfer is denied as **MOOT**.

### C. Motion to Dismiss

In light of this Court's decision to stay the case, defendant's motion to dismiss is denied as **MOOT**.

### V. CONCLUSION

In accordance with the foregoing, the Court **HEREBY STAYS** this litigation pending the resolution of the Consolidated Actions before Judge Orrick in the Northern District of California. The parties are directed to file a joint report updating the Court on the status of this case every 180 days. The parties are further directed to provide updates as relevant regarding settlement or other significant events in any of the Consolidated Actions proceeding before Judge Orrick. The Court **DENIES** defendant's motion to dismiss as moot and **DENIES** plaintiff's motion to transfer as moot.

IT IS SO ORDERED.

|  | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |